IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRUCE BLAIN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _6:16-cv-272_ |
| | § | |
| STATE FARM LLOYDS AND | § | |
| MICHAEL RAY SHEPHERD | § | |
| Defendants. | § | |

## DEFENDANTS STATE FARM LLOYDS AND MICHAEL RAY SHEPHERD'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Defendants STATE FARM LLOYDS ("State Farm") and MICHAEL RAY SHEPHERD ("Shepard") file their Notice of Removal to remove from the 52nd Judicial District Court of Coryell County, Texas to this Court a suit styled *Bruce Blain v. State Farm Lloyds and Michael Ray Shepherd* and docketed under Cause No. DC-16-44960 (hereinafter referred to as the "State Court Action").

## I.   STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1.   This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1) and 28 U.S.C.A. § 1441(a).

2.   Under 28 U.S.C.A. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

## II.   TIMELINESS OF NOTICE OF REMOVAL

3.   This Notice is timely under 28 U.S.C. § 1446(b).  It is filed within 30 days after service of citation and Plaintiff's Original Petition on Defendant State Farm. Specifically, Plaintiff's Original State Court Petition naming State Farm and Michael Ray Shepherd as Defendants was

filed on May 4, 2016. Defendant State Farm was served on June 10, 2016.  Shepherd, although an improperly joined Defendant, has not been served with citation as of the filing of this Notice of Removal. When there is a claim that a defendant has been fraudulently joined to prevent removal based on diversity jurisdiction, a defendant has 30 days after the time it learns or should have learned of the fraudulent joinder to file a notice of removal.  *See e.g., Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 814-15 (5th Cir. 1993) (finding removal timely where defendants removed within thirty days of discovering fraudulent joinder).

4.      True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit "A," as required by 28 U.S.C. §1446(a). A list of all counsel of record, including addresses, telephone numbers, and parties represented is attached as Exhibit "B."

### III.    NATURE OF PLAINTIFF'S CASE AGAINST DEFENDANTS

5.      This suit involves a claim for property damage to Plaintiff's residence arising from a hailstorm that occurred on or about March 28, 2014, in Coryell County, Texas (the "Claim"). State Farm is the insurer for Plaintiff and has already paid Plaintiff approximately $482.01 to satisfy the claim. Shepard was the Claims Specialist who adjusted the Claim. Plaintiff now sues State Farm for breach of contract, violation of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and Shepherd for violating of the Texas Insurance Code in his role as the Claims Specialist. Plaintiff alleges that Shepherd was the agent assigned to his claim and that he mishandled the inspections and adjustments related to the Claim.[1]  Specifically, Plaintiff further alleges that State Farm and Shepherd performed an inadequate, incomplete, and unreasonable investigation of Plaintiff's claim.[2]

---

[1] Plaintiff's Original Petition at ¶ 54, which is attached as Exhibit A-1.
[2] *Id*. at ¶¶ 15-17.

## IV.    JURISDICTIONAL BASIS FOR REMOVAL: DIVERSITY

6.      Pursuant 28 U.S.C §1332(a)(1), this Court has diversity jurisdiction.[3]

7.      Plaintiff is a citizen of Coryell County, Texas as alleged in his Original Petition.

8.      State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of its members). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm. As explained below, Shepherd is a citizen of Texas but has been improperly joined in this suit for purposes of defeating diversity jurisdiction.

9.      Plaintiff's Original Petition states that "Plaintiff is seeking monetary relief over $200,000.00 but not more than $1,000,000.00."[4]   Therefore, the amount in controversy, exclusive of interest and costs, is well in excess of the jurisdictional minimum of $75,000.00. *See* 28 U.S.C.A. §1332(a).

## V.    IMPROPER JOINDER

10.     To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." *See Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999).

---

[3] Plaintiff's Original Petition at ¶ 2.
[4] Plaintiff's Original Petition at ¶ 5.

11.     The test for improper joinder "is whether the defendant has demonstrated there is no possibility of recovery against an in-state defendant, which stated differently means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *See Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Circ. 2004). The Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one." *Campbell v. Stone Ins., Inc.* 509 F.3d 665, 669 (5th Cir. 2007). "The court must resolve all ambiguities of state law in favor of the non-removing party." *Id.*

12.     In considering whether a party was improperly joined, "the court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood* 385 F.3d at 573.  With respect to the applicability of a Rule 12(b)(6) analysis in an improper joinder case, the courts will evaluate the plaintiff's petition under the state-court pleading standards. *Edwea, Inc. v. Allstate Ins. Co.* No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010). This means that the plaintiff's pleading must state a cause of action and give fair notice of the relief sought against a defendant because the court "determines removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal." *Id.*, *see also* Tex. R. Civ. P. 45(b); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Additionally, the Texas Supreme Court has stated, "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient

information upon which to base a judgment." *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex. 1979).

13.     In order to assert a cause of action against an adjuster, Texas courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer.  *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H-11-2379, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York*, No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jiminez v. Travelers Indem. Co.*, No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar. 25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.*, No. H–10–2095, 2011 WL 1044206, *3 (S.D. Tex. March 16, 2001) (Harmon, J.).

14.     Plaintiff's factual allegations against Shepherd do not form the basis of an independent cause of action against him as opposed to the carrier.  Rather, Plaintiff has filed suit against Shepherd for the same reasons that Plaintiff filed suit against State Farm.  He is unhappy that State Farm denied "full" payment to him.

15.     Texas law does not contemplate that an adjuster like Shepherd will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted,

claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 *et seq.*, and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, H-11-2376, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by plaintiffs in the instant case insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, H-09-1731, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to plaintiffs' claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm).

16.     Plaintiff does not allege specific facts regarding any misrepresentations by Shepherd, nor does Plaintiff allege any specific detrimental reliance and injury from any such representation. Texas courts have held that post-loss misrepresentations do not give rise to Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), overruled on other grounds, *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

17.     Based upon the allegations in the Plaintiff's live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Shepherd for Plaintiff's Chapter 541 claims or that Plaintiff can establish a cause of action against him in state court. Shepherd has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and his citizenship, therefore should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants. Furthermore, because Shepherd was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

## VI.     <u>NOTICE SHALL BE PROVIDED</u>

18.     Pursuant to 28 U.S.C. §1446(d), Defendants State Farm and Shepherd will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will further file a copy of

this Notice of Removal with the County Clerk of Coryell County, Texas, where the State Court Action was previously pending.

## VII.    JURY DEMANDED BY PLAINTIFF

19.    Plaintiff requested a trial by jury in the State Court Action.

## VIII.    CONCLUSION

WHEREFORE, Defendants State Farm and Michael Ray Shepherd hereby request removal of the case styled *Bruce Blain v. State Farm Lloyds and Michael Ray Shepherd*; Cause No. DC-16-44960, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendants may be justly entitled.

Respectfully submitted,

**ESTES OKON THORNE & CARR PLLC**

*/s/ Dawn Estes*
**AMY M. STEWART**
State Bar No. 24060660
astewart@estesokon.com
**DAWN ESTES**
State Bar No. 14251350
destes@estesokon.com
**LAUREN M. LEIDER**
State Bar No. 24094863
Email:  *lleider@estesokon.com*

3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile:  (214) 599-4099

**ATTORNEYS FOR DEFENDANTS STATE FARM LLOYDS MICHAEL RAY SHEPHERD**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court and also served the following counsel in accordance with the Federal Rules of Civil Procedure:

Philip K. Broderick
Arguello, Hope & Associates, PLLC
1110 NASA Parkway, Suite 620
Houston, TX 77058

/s/ Amy M. Stewart
Amy M. Stewart