# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRUCE BLAIN, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:16-cv-272 |
| | § | |
| STATE FARM LLOYDS AND | § | |
| MICHAEL RAY SHEPHERD | § | |
|     Defendants. | § | |

## <u>INDEX TO NOTICE OF REMOVAL</u>

| EXHIBIT | DATE | DOCUMENT |
|---|---|---|
| A-1. | 05.04.16 | Plaintiff's Original Petition and Request for Disclosure |
| A-2. | 05.04.16 | Civil Case Information Sheet |
| A-3. | 05.04.16 | Citation |
| A-4. | 05.19.16 | Adair Letter to Court Requesting Citations |
| A-5. | 06.10.16 | Affidavit of Service on State Farm Lloyds |
| A-6. | 07.05.16 | Defendants' Original Answer |
| A-7. | | Docket Sheet |

# EXHIBIT A-1

DC-16-44960

**CAUSE NO.** _____

| | | |
|---|---|---|
| **BRUCE BLAIN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | 52nd |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **MICHAEL RAY SHEPHERD** | § | |
| | § | |
| **Defendants.** | § | **CORYELL COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bruce Blain ("Plaintiff"), and files this *Plaintiff's Original Petition and Requests for Disclosure*, complaining of State Farm Lloyds ("State Farm") and Michael Ray Shepherd ("Shepherd") (collectively, "Defendants"), and respectfully shows this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2.      Plaintiff Bruce Blain is an individual residing in Coryell County, Texas.

3.      Defendant State Farm is a domestic insurance company engaged in the business of insurance in Texas.  The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in Texas. State Farm may be served via its registered attorney for service Corporation Service Company at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

4.      Defendant Michael Ray Shepherd is an individual residing in and domiciled in the State of

Texas. This defendant is engaged in the business of adjusting insurance claims in the State of Texas. Upon information and belief, Shepherd may be served at 1201 County Road 313, Jarrell, Texas 76537-1632, or wherever he may be found.

## JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant State Farm because this defendant is a domestic entity formed in Texas that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Shepherd is domiciled in the State of Texas and because this defendant is an individual engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Coryell County, Texas, because the insured property is situated in Coryell County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.      Plaintiff is the owner of a Texas Homeowners' Insurance Policy 85-76-0333-5 (hereinafter referred to as "the Policy"), which was issued by State Farm.

10.     Plaintiff owns the insured property, which is specifically located at 512 West Avenue F, Copperas Cove, Texas, in Coryell County (hereinafter referred to as "the Property").

11.     Defendant State Farm sold the Policy insuring the Property to Plaintiff and his deceased

spouse.

12.     On or about March 28, 2014, a hail storm and/or windstorm struck Coryell County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's main dwelling composition shingle roof and accompanying roof components, including the roofing felt, ridge cap, three (3) pipe jack flashings, exhaust cap, two (2) rain cap, and the drip edge, sustained extensive damage during the storm. Moreover, the exterior of Plaintiff's home also sustained hail damage during the storm, including but not limited to damage to the shiplap siding. Furthermore, the Storm damaged four (4) storage sheds on the insured premises. Plaintiff filed a claim in accordance with the terms of the Policy with his insurance company, State Farm, for the damages to his property caused by the Storm.

13.     Plaintiff submitted a claim to State Farm against the Policy as referenced in paragraph 9 above, for Roof Damage, Exterior Damage, and Other Damages sustained as a result of the hail storm and/or windstorm.

14.     Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy, including but not limited to repair and/or replacement of the roof, repair of the exterior damage, and repair and/or replacement to other damages to the Property.

15.     Defendant State Farm assigned Defendant Shepherd to adjust the claim. Defendant Shepherd was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. Specifically, Shepherd conducted a substandard inspection of Plaintiff's property. The inadequacy of Shepherd's inspection is evidenced by his report, which failed to include the majority of Plaintiff's damages. Ultimately, Defendant Shepherd's estimate did not allow adequate funds to cover the cost of repairs for any of the damages sustained. Shepherd's inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiff's claim being improperly denied.

16.     Defendant State Farm failed to adequately train and supervise Defendant Shepherd resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, State Farm failed to thoroughly review and properly oversee the work of the adjuster, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff's claims were improperly underpaid causing him to suffer damages.

17.     Together, Defendants State Farm and Shepherd set about to deny and/or underpay on properly covered damages. State Farm and Shepherd misrepresented to Plaintiff that Defendant Shepherd's estimate included all of Plaintiff's properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and failed to allow for adequate amounts to cover the cost of repairs to Plaintiff's Property. Defendants State Farm and Shepherd under-scoped and undervalued Plaintiff's damages, thereby denying adequate payment on Plaintiff's claim. As a result of the Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has been severely underpaid and suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair his Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive sufficient payment that he is entitled to under the Policy.

18.     As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm undervalued some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19.    To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

20.    Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

21.    Defendants State Farm and Shepherd misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.    Defendants State Farm and Shepherd failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.    Defendants State Farm and Shepherd failed to explain to Plaintiff the reasons for their denial of Plaintiff's claim. Specifically, State Farm and Shepherd failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, State Farm and Shepherd did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. The Conduct of State Farm and Shepherd is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.    Defendants State Farm and Shepherd failed to affirm or deny coverage of Plaintiff's claim

within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Farm or Shepherd. The conduct of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25.     Defendants State Farm and Shepherd refused to fully compensate Plaintiff, under the terms of the Policy, even though State Farm and Shepherd failed to conduct a reasonable investigation. Specifically, State Farm and Shepherd performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of State Farm and Shepherd constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.     Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.     From and after the time Plaintiff's claim was presented to Defendant State Farm, the

liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendants State Farm and Shepherd knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31.     As a result of Defendants State Farm's and Shepherd's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT SHEPHERD
### COUNT ONE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

32.     During his investigation, Defendant Shepherd failed to properly assess Plaintiff's hail storm and/or windstorm damages. Specifically, during his inspection, Shepherd spent an inadequate time scoping for damages. Shepherd completely omitted or underestimated and undervalued many covered damages in his report, including roof damages, such as the roofing felt, ridge cap, pipe jack flashings, exhaust cap, rain cap and drip edge, and exterior damage, such as the shiplap siding. Moreover, Shepherd failed to allow sufficient funds to cover the replacement of the roof, and four (4) storage sheds. Furthermore, Shepherd omitted and undervalued many covered damages in his report, underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy.

33.     Defendant State Farm knew or should have known that Defendant Shepherd lacked the knowledge and experience to adequately investigate claims of this nature.

34.     Defendant Shepherd's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.     Defendant Shepherd is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm because Defendant Shepherd is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Shepherd's unfair settlement practices, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at

issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     Defendant Shepherd's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant Shepherd failed to explain to Plaintiff the reasons for his offer of an inadequate settlement. Specifically, Defendant Shepherd failed to offer Plaintiff adequate compensation without proper explanation as to why full payment was not being made. Furthermore, Defendant Shepherd did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Shepherd as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Defendant Shepherd did not adequately explain what damages were not being covered under the estimate. Defendant Shepherd's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     Defendant Shepherd did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and other damages, although reported by Plaintiff to State

Farm. Defendant Shepherd, apart from his undervalued allotment for the roof damages and storage sheds, omitted many of the covered damages—including, but not limited to, damage to the roofing felt, ridge cap, pipe jack-flashings, exhaust cap, drip edge, and shiplap siding. Defendant Shepherd's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST STATE FARM

41.     Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### COUNT ONE: BREACH OF CONTRACT

42.     Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

43.     Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### COUNT TWO: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

*Plaintiff's Original Petition and Requests for Disclosure*                                      Page 10

46.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

47.     Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

48.     Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

49.     Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### COUNT THREE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

50.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

51.     Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it

reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

52.     Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

53.     Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## COUNT FOUR: ACTS CONSTITUTING ACTING AS AGENT

54.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Shepherd is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

55.     Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Defendant Shepherd including the completion of his duties under the common law and statutory law.

## COUNT FIVE: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

56.     Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

57.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholders) and State

Farm's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that State Farm, like other insurers, controls entirely the evaluation, processing and denial of claims.

58.     At the time of Defendant Shepherd's inspection and/or investigation, upon which State Farm relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Defendant Shepherd tried to wrongfully deny Plaintiff's losses. By not accounting for the covered damages Defendants State Farm and Shepherd did not inspect and evaluate Plaintiff's home as if it were their own home. Defendant State Farm's investigation and evaluation was not reasonable, thus State Farm lacked a reasonable basis for denying or only partially including payment for Plaintiff's covered damages. State Farm's overall conduct in handling Plaintiff's claim was not reasonable.

59.     Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Defendant State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

60.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

61.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

62.     As previously mentioned, the damages caused by the March 28, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These

damages are a direct result of Defendant State Farm's mishandling of Plaintiff's claim in violation of the laws set forth above.

63.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

64.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

65.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

66.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

67.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

68.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants State Farm and Shepherd, each disclose, within fifty (50) days of service of this request, the information or

material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

**By:**  _/s/  Philip K. Broderick_____
Philip K. Broderick
State Bar of Texas Number: 24094561
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534
Philip@simplyjustice.com
***ATTORNEY FOR PLAINTIFF***
***BRUCE BLAIN***

# EXHIBIT A-2

## CIVIL CASE INFORMATION SHEET
### DC-16-44960                                   52nd Dist.

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED  Bruce Blain v. State Farm Lloyds and Michael Ray Shepherd _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: **Philip K. Broderick**  Email: **Philip@simplyjustice.com** | Plaintiff(s)/Petitioner(s): **Bruce Blain** | ☒Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: **1110 Nasa Parkway, Ste 620**  Telephone: **281-532-5529** | | Additional Parties in Child Support Case: |
| City/State/Zip: **Houston, TX 77058**  Fax: **281-402-3534** | Defendant(s)/Respondent(s): **State Farm Lloyds**  **Michael Ray Shepherd** | Custodial Parent: |
| Signature:  State Bar No: **24094561** | | Non-Custodial Parent:  Presumed Father: |
| | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Enforcement |
| ☐Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Custody |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | ☐Modification—Other |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ___Title IV-D___ |
| | ☐Legal | ☐Other Property: | | ☐Enforcement/Modification |
| *Foreclosure* | ☐Medical | | | ☐Paternity |
| ☐Home Equity—Expedited | ☐Other Professional | | | ☐Reciprocals (UIFSA) |
| ☐Other Foreclosure | Liability: | ___Related to Criminal___ | | ☐Support Order |
| ☐Franchise | | ___Matters___ | **Other Family Law** | **Parent-Child Relationship** |
| ☒Insurance | ☐Motor Vehicle Accident | ☐Expunction | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☐Landlord/Tenant | ☐Premises | ☐Judgment Nisi | Judgment | Termination |
| ☐Non-Competition | *Product Liability* | ☐Non-Disclosure | ☐Habeas Corpus | ☐Child Protection |
| ☐Partnership | ☐Asbestos/Silica | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Other Contract: | ☐Other Product Liability | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Custody or Visitation |
| | List Product: | Pre-indictment | ☐Removal of Disabilities | ☐Gestational Parenting |
| | | ☐Other: | of Minority | ☐Grandparent Access |
| | ☐Other Injury or Damage: | | ☐Other: | ☐Parentage/Paternity |
| | | | | ☐Termination of Parental |
| | | | | Rights |
| **Employment** | **Other Civil** | | | ☐Other Parent-Child: |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | |
| ☐Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: | | |
| | ☐Intellectual Property | | | |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, 000 but not more than $200,000
- ☒Over $200,000 but not more than $1,000,000
- ☐Over $1,000,000

# EXHIBIT A-3

CITATION-GENERAL

# CITATION

**THE STATE OF TEXAS:**                                    **COUNTY OF CORYELL**

### CAUSE NO. DC-16-44960

TO:     SHEPHERD, MICHAEL RAY (OR WHEREVER HE MAY BE FOUND)
        1201 COUNTY ROAD 313
        JARRELL, TX 76537-1632

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the Honorable 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas, to be held at the Courthouse in said County in the City of Gatesville, Coryell County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number DC-16-44960 styled:

BLAIN, BRUCE
VS.
STATE FARM LLOYDS & SHEPHERD, MICHAEL RAY

filed in said court on the 4TH day of May, 2016.

The name and address of the attorney for plaintiff, or the address of the plaintiff is:
**PHILIP K BRODERICK**
**1110 NASA PARKWAY, SUITE 620**
**HOUSTON, TX 77058**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you."**

WITNESS, Janice Gray, District Clerk of the 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas.

Issued and given under my hand and seal of said Court at office, this the **5th day of May, 2016.**

Janice Gray, District Clerk
Coryell County, Texas
P.O. Box 4 Gatesville, Texas 76528

By _____
DONNA BASHAM, DEPUTY

CITATION-GENERAL

# CITATION

**THE STATE OF TEXAS:**                                         **COUNTY OF CORYELL**

### CAUSE NO. DC-16-44960

TO:     STATE FARM LLOYDS
        Registered Attorney: CORPORATION SERVICE COMPANY
        211 E. 7TH ST., STE. 620
        AUSTIN, TX 78701

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the Honorable 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas, to be held at the Courthouse in said County in the City of Gatesville, Coryell County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number DC-16-44960 styled:

BLAIN, BRUCE
VS.
STATE FARM LLOYDS & SHEPHERD, MICHAEL RAY

filed in said court on the 4TH day of May, 2016.

The name and address of the attorney for plaintiff, or the address of the plaintiff is:
**PHILIP K BRODERICK**
**1110 NASA PARKWAY, SUITE 620**
**HOUSTON, TX 77058**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you."**

WITNESS, Janice Gray, District Clerk of the 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas.

Issued and given under my hand and seal of said Court at office, this the **5th day of May, 2016.**

Janice Gray, District Clerk
Coryell County, Texas
P.O. Box 4 Gatesville, Texas 76528

By _____
DONNA BASHAM, DEPUTY

# EXHIBIT A-4



Martin A. Arguello[T]
Andrew L. Hope[T,L,r]
David Christoffel[T,O,A,*]
R. James Amaro[T,W,*]
Nishi Kothari[T]

Andres Arguello[T]
Philip Broderick[T]
Samantha Fenwick[T]
David Miller[Al]

& ASSOCIATES, PLLC

May 19, 2016

**_Via Regular Mail_**
Janice Gray, District Clerk
Coryell County District Courthouse
P.O. Box 4
Gatesville, Texas 76528

RE:   *Cause No. DC-16-44960; Bruce Blain v. State Farm Lloyds and Michael Ray Shepherd; In the 52nd Judicial District Court; Coryell County, Texas*

Dear Ms. Gray:

Regarding the above-referenced cause of action, please find two copies of Plaintiff's Original Petition. Please prepare two citations for the following:

**State Farm Lloyds**
**Corporation Service Company, Registered Attorney**
**211 E. 7th Street, Ste. 620**
**Austin, Texas 78701**

**Michael Ray Shepherd**
**1201 County Road 313**
**Jarrell, Texas 76537**

For your convenience, a self-addressed envelope has also been provided. Should you have any questions, please do not hesitate to contact our office.

Best regards,

Jennifer Adair
Paralegal to Philip Broderick

/ja
Enclosures

*Mailed Citations Out*

FILED
CORYELL COUNTY
_____o'clock_____

MAY 2 3 2016

Janice M Gray
DISTRICT CLERK

1110 Nasa Parkway • Suite 620 • Houston, Texas 77058 • O: 281.532.5529 • F: 281.402.3534
Attorneys Licensed in (T)exas, (Ok)lahoma, (A)rizona, (I)owa, (Al)abama, and (W)isconsin as Indicated Above
(r) Retired Partner, (*) of Counsel

# EXHIBIT A-5

# 52nd District Court of CORYELL County, Texas
P.O. BOX 19 GATESVILLE TX 76528

## CASE #: DC-16-44960

**BRUCE BLAIN**

*Plaintiff*
**vs**
**STATE FARM LLOYDS AND MICHAEL RAY SHEPHERD**

*Defendant*

### AFFIDAVIT OF SERVICE

I, FLOYD J BOUDREAUX, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 06/10/16 10:47 am, instructing for same to be delivered upon State
Farm Lloyds By Delivering To It's Registered Agent: Corporation Services Company.


That I delivered to      : State Farm Lloyds By Delivering To It's Registered Agent:
                         : Corporation Services Company. By Delivering to Sue Vertrees,
                         : Customer Service

the following            : CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

at this address          : 211 E 7th St
                         : Austin, Travis County, TX 78701

Manner of Delivery       : by PERSONALLY delivering the document(s) to the person above.

Delivered on             : JUN 10, 2016 11:00 am



My name is FLOYD J BOUDREAUX, my date of birth is JAN 10th, 1943 and my address is
Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and
U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Travis County, State of Texas, on the _____ day of _____ Company.
_____ JUNE 20__.

                                              _____
                                              FLOYD J BOUDREAUX          Declarant
                                              381

                         Texas Certification#: SCH-3506 Exp: 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc        PCP Inv#: Z16600062
103 Vista View Trail Spicewood TX 78669         SO  Inv#: A16601020
(512) 477-3500                                  Reference : 4332

                                              + Service Fee:  70.00
                                                Witness Fee:   .00
                                                Mileage Fee:   .00
tomcat                                         Fenwick, Samantha
AX02A16601020

CITATION GENERAL

# CITATION

# ORIGINAL

**THE STATE OF TEXAS:**

**COUNTY OF CORYELL**

**CAUSE NO. DC-16-44960**

TO:    STATE FARM LLOYDS
Registered Attorney: CORPORATION SERVICE COMPANY
211 E. 7TH ST., STE. 620
AUSTIN, TX 78701

DELIVERED THIS _____ DAY OF _____
AT_____:_____ AM/PM
BY:_____
**PROFESSIONAL CIVIL PROCESS**
INITIALS:_____ LIC#_____

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the Honorable 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas, to be held at the Courthouse in said County in the City of Gatesville, Coryell County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number DC-16-44960 styled:

BLAIN, BRUCE
VS.
STATE FARM LLOYDS & SHEPHERD, MICHAEL RAY

filed in said court on the 4TH day of May, 2016.

The name and address of the attorney for plaintiff, or the address of the plaintiff is:
**PHILIP K BRODERICK**
**1110 NASA PARKWAY, SUITE 620**
**HOUSTON, TX 77058**

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you."

WITNESS, Janice Gray, District Clerk of the 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas.

Issued and given under my hand and seal of said Court at office, this the 5th day of May, 2016.

Janice Gray, District Clerk
Coryell County, Texas
P.O. Box 4 Gatesville, Texas 76528

By _____
DONNA BASHAM, DEPUTY

## RETURN OF SERVICE

Cause Number: <u>DC-16-44960</u>                                            **52ND JUDICIAL DISTRICT COURT**
**BLAIN, BRUCE**                                                                      **CORYELL COUNTY, TEXAS**
**VS.**
**STATE FARM LLOYDS & SHEPHERD, MICHAEL**
**RAY**

Executed when copy is delivered:
This true copy of the original citation was delivered to defendant _____, on the _____ day of
_____, 20___ .

**NAME AND ADDRESS FOR SERVICE:**                    _____, Officer
STATE FARM LLOYDS
Registered Attorney for Corporation Service Comp.       _____ County, Texas
211 E. 7TH ST., STE. 620
AUSTIN, TX 78701                                        By: _____ Deputy


## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in
_____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this
Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL
PETITION & REQUESTS FOR DISCLOSURE, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____
_____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____
_____

**FEES:**                                                _____, Officer
Serving Petition and Copy $_____
Total                      $_____                      _____, County, Texas

                                                         By:_____, Deputy

                                                         _____
                                                                        Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury
must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is _____
                    (First, Middle, Last)
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

                                         _____
                                         Declarant/Authorized Process Server
                                         _____

# EXHIBIT A-6

## CAUSE NO. DC-16-44960

| | | |
|---|---|---|
| **BRUCE BLAIN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CORYELL COUTNY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **MICHAEL RAY SHEPHERD** | § | |
| | § | |
| **Defendant.** | § | **52ND JUDICIAL DISTRICT** |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

Defendants State Farm Lloyds and Michael Ray Shepherd ("Defendants") file this Original Answer to Plaintiff's Original Petition.

## I.
## <u>GENERAL DENIAL</u>

Defendants generally deny, pursuant to Rule 92 of the Texas Rules of Civil Procedure, each and every allegation made against it in Plaintiff's Original Petition.

## II.
## <u>PRAYER</u>

Accordingly, Defendants respectfully pray that upon final disposition of this case, Plaintiff Bruce Blain take nothing by reason of his allegations against Defendants and that this Court grant Defendants such other relief to which it may be entitled, including, but not limited to, reimbursement for the costs incurred by Defendants in responding to and defending the allegations raised against them in Plaintiff's Original Petition.

**Electronically Filed
7/5/2016 9:33:40 AM
Janice M. Gray, District Clerk
Coryell County, Texas**

Respectfully submitted,

**ESTES OKON THORNE & CARR PLLC**
*/s/ Amy M. Stewart*
**AMY M. STEWART**
State Bar No. 24060660
astewart@estesokon.com
**LAUREN M. LEIDER**
State Bar No. 24094863
Email:  *lleider@estesokon.com*

3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile:  (214) 599-4099

**ATTORNEY FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of this Original Answer has been forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this 5th day of July, 2016.

Philip K. Broderick
Arguello, Hope & Associates, PLLC
1110 NASA Parkway, Suite 620
Houston, TX 77058

/s/ Amy M. Stewart
Amy M. Stewart

# EXHIBIT A-7

CORYELL COUNTY CIVIL DOCKET
CAUSE # DC-16-44960

===================================================================

BLAIN, BRUCE
    VS.
STATE FARM LLOYDS & SHEPHERD, MICHAEL RAY

CAUSE OF ACTION: DEBT/CONTRACT - CONSUMER/DTPA
FILE DATE: 05/04/2016

===================================================================
DATE                    NATURE OF PROCEEDINGS
===================================================================
05/04/2016        ORIGINAL PETITION - CIVIL
 PET-PETITION FILING CODE CHOSEN, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR
 DISCLOSURE, PLEASE BE ADVISED THAT WE WILL BE SENDING A COPY OF THE FILE STAMPED
 PETITION FOR EACH CITATION REQUESTED. SHOULD YOU HAVE ANY QUESTIONS, PLEASE DO NOT
 HESITATE TO CONTACT ME.
05/04/2016        ISSUE CITATION
05/04/2016        LEAD ATTACHMENT
 CASE INFORMATION SHEET
05/04/2016        COURT SERVICE FEES
05/05/2016        RECEIPT ISSUED
 210662
05/05/2016        CITATION
 CIT-MICHAEL SHEPHERD
05/05/2016        CITATION
 CIT-STATE FARM LLOYDS
05/23/2016        LETTER
 MAILED CITATIONS OUT
06/13/2016        NO FEE DOCUMENTS
 AFFIDAVIT, NONE
06/13/2016        COURT SERVICE FEES
06/13/2016        RECEIPT ISSUED
 211683
07/05/2016        CIVIL COPIES
07/05/2016        RECEIPT ISSUED
 212064